UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE A. HILL, SR.,

    Plaintiff,

v.                                         Case No. 8:11-cv-1175-T-23EAJ

C. GARRETT, et al.,

    Defendants.
_____/

**O R D E R**

Hill's civil rights complaint alleges that the defendants violated Hill's rights when they imposed disciplinary punishment, including the loss of gain-time credit. Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the complaint lacks merit.

The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis prisoner's action "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

The civil rights complaint is subject to sua sponte dismissal before service on the defendants because Hill in effect challenges the length of his confinement due to the loss of gain-time credit. When a state prisoner challenges the fact or duration of his confinement, a writ of habeas corpus is his exclusive federal remedy. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). This long-standing principle was affirmed in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

> We hold that, in order to recover damages for [an] allegedly
> unconstitutional conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254. A claim for damages bearing that relationship to a
> conviction or sentence that has <u>not</u> been so invalidated is not cognizable
> under § 1983. Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or sentence;
> if it would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.

<u>Heck</u> requires dismissal of the civil rights complaint if a ruling in the plaintiff's favor questions the duration of confinement. Hill has no Section 1983 claim until he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Heck v. Humphrey</u>, 512 U.S. at 489-90.

Consequently, Hill fails to state a claim for relief because the complaint fails to allege that the disciplinary proceeding was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." <u>Heck v. Humphrey</u>, 512 U.S. at 487. This dismissal is without prejudice to Hill's re-filing a Section 1983 complaint after the disciplinary proceeding is invalidated. Hill must pursue his challenges to his loss of gain-time credits in a petition for the writ of habeas corpus after exhausting his state post-conviction remedy.[*]

---

[*] Hill's earlier case, 8:09-cv-2131-T-23MAP, was dismissed pursuant to <u>Heck</u>. In the earlier case Hill sued the same persons sued in this case. Instead of challenging the validity of the loss of gain-time credit in a state post-conviction proceeding, Hill filed a civil rights complaint in state court, which the

Accordingly, the defendants' motion to dismiss (Doc. 5) is **GRANTED**.  This case is **DISMISSED** without prejudice because the complaint is premature as a matter of law.  Hills's motion to dismiss (Doc. 10) is **DENIED** and his motion for clarification (Doc. 11) is **GRANTED**.  The clerk shall close this case.

ORDERED in Tampa, Florida, on July 15, 2011.

/s/ Steven D. Merryday

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

defendants removed to this court and which became the present case.  Hill moves (Doc. 10) to deny the defendants' motion to dismiss (Doc. 5) and seeks clarification (Doc. 11) of the removal.  The defendants in their discretion may remove an action if the federal district court has original jurisdiction.  See 28 U.S.C. § 1441(a).  "The district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Hill's complaint (Doc. 2) alleges that the defendants "violated [his] civil rights protections under 42 U.S.C. § 1983."  Because Hill seeks relief under a federal statute, removal is proper.